**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Carleen Crenshaw-Bruce,

       Plaintiff,

vs.

State of Arizona,

       Defendant.

No. CV12-2574-PHX-DGC

**ORDER**

Plaintiff commenced this action by filing a pro se complaint on December 3, 2012. Doc. 1.  Plaintiff has filed a document entitled "Motion: Request to the Court in purpose of obtaining a ruling in favor me the Plaintiff and Pro Se, Carleen Crenshaw, Bruce."  Doc. 2. Plaintiff has filed a motion to proceed in forma pauperis.  Doc. 3.  For reasons that follow, the Court will dismiss the complaint, deny the motion (Doc. 2) and deny the motion to proceed in forma pauperis (Doc. 3) without prejudice.

**I.    Dismissal of the Complaint.**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the

1    pleader is entitled to relief.'"  *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

2         Plaintiff's complaint does not satisfy the pleading requirements set forth in *Twombly*

3    and *Iqbal*.  The entirety of the complaint is an incoherent and disjointed story about an

4    alleged incident involving the Mesa Police Department.  Doc. 1.

5         Among its many defects, the complaint does not adequately allege subject matter

6    jurisdiction.  "Federal courts are courts of limited jurisdiction. They possess only that power

7    authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

8    U.S. 375, 377 (1994).  Pursuant to federal statutes, this Court has subject matter jurisdiction

9    over a case only if it arises under federal law or the amount in controversy exceeds $75,000

10   and the parties are citizens of different states.  *See* 28 U.S.C. §§ 1331, 1332(a).  The

11   complaint does not explain why this Court has subject matter jurisdiction, does not clearly

12   identify defendants, does not allege what wrong each defendant committed, and does not

13   clearly identify the legal basis for each claim against a defendant.  The Court will dismiss the

14   complaint without prejudice.  Plaintiff shall have until **January 23, 2013** to file an amended

15   complaint.

16        For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal

17   Rules of Civil Procedure.  Rule 8(a) provides that a complaint "shall contain (1) a short and

18   plain statement of the grounds upon which the court's jurisdiction depends, . . .  (2) a short

19   and plain statement of the claim showing that the pleader is entitled to relief, and (3) a

20   demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).  These pleading

21   requirements shall be set forth in separate and discrete paragraphs.  The paragraphs must be

22   numbered in consecutive order.  Each paragraph must be "simple, concise, and direct."  Fed.

23   R. Civ. P. 8(d)(1).

24        Plaintiff is advised that vague references to the United States Constitution are

25   insufficient to satisfy the pleading requirements of Rule 8.  The amended complaint must

26   give each Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which

27   it is based."  *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).  This includes some

28

factual basis for each claim asserted and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

**II.      Plaintiff's Obligations.**

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office.

Plaintiff is further advised that she is responsible for having the summons and complaint properly served on each Defendant within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(1). If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1.      Plaintiff's complaint (Doc. 1) is **dismissed** without prejudice. Plaintiff shall have until **January 23, 2013** to file an amended complaint.

2.      Plaintiff's Motion: Request to the Court in purpose of obtaining a ruling in favor me the Plaintiff and Pro Se, Carleen Crenshaw, Bruce (Doc. 2) is **denied**.

3.      Plaintiff's motion to proceed informa pauperis (Doc. 3) is **denied** without

1    prejudice.  Plaintiff may re-file the motion if she files an amended complaint.

2    4.    The Clerk is directed to terminate this action without notice if Plaintiff fails to

3    comply with this order.

4    DATED this 2nd day of January, 2013.

David G. Campbell
United States District Judge

- 4 -