WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlene Crenshaw-Bruce,<br><br>  Plaintiff,<br><br>v.<br><br>Mesa Police Department,<br><br>  Defendant. | No. CV-12-02574-PHX-DGC<br><br>**ORDER** |

Defendant Mesa Police Department has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 23. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will grant the motion.

**I.    Background.**

Plaintiff was arrested by Mesa Police Department on March 9, 2010 for violating an order of protection, resisting arrest, and possession of drug paraphernalia. Doc. 7 at 5. Plaintiff alleges that the arresting officers "committed a misconduct," "violated [her] civil rights which involved Excessive Deadly Force with a Selective Enforcement of Conduct unbecoming for Personal gain towards a malice on [her] life," and that she was "Bounded in Handcuffs." *Id.* at 1-3. She claims in other filings that her "head was excessively slammed on the concrete," that one of the officers "deliberately pull[ed] [her] weave out," and that her right knee was dislocated. Doc. 26 at 2-3. Plaintiff was found guilty of resisting arrest, possession or use of dangerous drugs, and interfering with judicial proceedings on April 29, 2013. Doc. 23 at 6.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation and quotation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Analysis.

### A. Motion to Dismiss.

Defendant advances several bases for its motion to dismiss, including that Plaintiff's claim is barred by res judicata. Doc. 23 at 2. Defendant asserts that Plaintiff filed a complaint on June 14, 2011 against Defendant in Maricopa County Superior Court based on events occurring on March 9, 2010. *Id.* at 5. It further asserts that the complaint was dismissed with prejudice on August 29, 2011. *Id.* Defendant has attached copies of the Superior Court complaint and the minute entry dismissing the case. *See* Docs. 23-2, 23-3. In the context of a Rule 12(b)(6) motion to dismiss, the Court may properly consider matters of public record outside the pleadings without converting the motion to one for summary judgment. *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279 (9th Cir. 1986) (*overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*,

Case 2:12-cv-02574-DGC   Document 38   Filed 02/03/14   Page 3 of 4

501 U.S. 104 (1991)); *see also Houston v. Ariz. St. Bd. of Educ.*, CV-10-8160-PHX-GMS, 2012 WL 466474, at *2 n.3 (D. Ariz. Feb. 14, 2012) (noting that "[a] court may take judicial notice of 'matters of public record outside the pleadings'") (citation omitted). Accordingly, the Court will take judicial notice of these documents.

Plaintiff's June 14, 2011 complaint alleges that on March 9, 2010, "Officers C. Colburn #16148 and M. Rome #15866 of the Mesa Police committed police brutality." Doc. 23-2 at 2. Plaintiff's amended complaint alleges that "Officer C. Colburn #16148 and Officer M. Rome #15866 of the Mesa Police Department . . . committed a misconduct on 3-9-10[.]" Doc. 7 at 1. She further alleges that this misconduct violated "the Police Departments (sic) rules and regulations of their policy," "State and Federal regulated laws," "civil rights," "the 5th United States Constitutional Amendment, Due Process of the law," "the 10th Amendment of the United States Constitution," "[Plaintiff's] right to privacy (sic) the Arizona Constitutional Amended Article 8," and the "cruel and unusual punishment Arizona Constitution Article." *Id.* at 1-2.

Under the doctrine of res judicata, "where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island Restoration Network v. U.S. Dept. of State*, 673 F.3d 914, 918 (9th Cir. 2012). The complaint in this case and the 2011 Superior Court complaint arise from the March 9, 2010 actions of Officers Colburn and Rome. Both allege misconduct by the officers in the arrest of Plaintiff. Because the 2011 lawsuit was resolved against her, Plaintiff's claims in this case are barred by res judicata. The Court will grant Defendant's motion to dismiss.

**B.     Other Pending Motions.**

Plaintiff has filed a Motion for "Ruling re favorable ruling" (Doc. 21), a Motion to Amend/Correct her amended complaint (Doc. 24), a Motion to Amend/Correct her Motion for "Ruling re favorable ruling" (Doc. 26), and another Motion to Amend/Correct her amended complaint (Doc. 28). The Court will deny the motion for ruling re favorable ruling and the motion to amend said motion (Docs. 21 and 26) as moot.

The Court will also deny the motions to amend. "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted). Because Plaintiff's claims are barred by res judicata, amendment could not cure the deficiencies of her complaint.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 23) is **granted**.
2. Plaintiff's motion for ruling re favorable ruling and motion to amend motion for ruling re favorable ruling (Docs. 21, 26) are **denied** as moot.
3. Plaintiff's motions to amend (Docs. 24, 28) are **denied**.
4. The Clerk shall **terminate** this action.

Dated this 3rd day of February, 2014.

_____
David G. Campbell
United States District Judge